UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.,<br><br>                        Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,<br><br>                        Respondents. | Case No.:  3:26-cv-00208-RBM-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1];**<br><br>**(2) GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM [Doc. 3]; and**<br><br>**(3) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. 2]** |

Pending before the Court are Petitioner A.C.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1); Motion for Leave to Proceed Under Pseudonym ("Pseudonym Motion") (Doc. 3); and Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2).  For the reasons set forth below, the Court **GRANTS** the Petition and Pseudonym Motion and **DENIES AS MOOT** the TRO Motion.

1

## I. BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States without inspection and was not apprehended upon entry. (Doc. 1 ¶ 20.)[1] On October 15, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") during a workplace raid. (*Id.* ¶ 21.) On December 31, 2025, Petitioner appeared before an immigration judge for a bond hearing. (*Id.* ¶ 23.) The immigration judge denied Petitioner's request for bond because she found that she lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Doc. 1-2 at 18.) The immigration judge also issued alternative findings for if she did have jurisdiction. (*Id.*) Specifically, the immigration judge alternatively granted a $2,000 bond and listed several other conditions for release. (*Id.*)

On January 14, 2026, Petitioner filed the Petition (Doc. 1), TRO Motion (Doc. 2), and Pseudonym Motion (Doc. 3). The next day, the Court set a briefing schedule. (Doc. 4.) On January 23, 2026, Respondents filed their Response to Petition ("Response") (Doc. 7) and their Notice of Non-Opposition to Petitioner's Motion for Leave to Proceed Under a Pseudonym (Doc. 6).

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

---

[1] The Court cites the paragraph numbers of the Petition and the CM/ECF electronic pagination for all other filings.

### III. DISCUSSION

**A.  Pseudonym Motion**

Although petitioners must typically identify themselves in pleadings under Federal Rule of Civil Procedure 10(a), they may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal citation omitted).  The Court must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

Petitioner argues that he should be allowed to proceed pseudonymously because: (1) he "may be filing additional applications for relief including an asylum application" and disclosure of information in these proceedings "could lead to stigma and further harm;" (2) "public disclosure of asylum-related information may subject [Petitioner] to retaliatory measures by government authorities or non-state actors if [he] is repatriated;" and (3) there is no prejudice to Respondents because Petitioner's counsel has already disclosed Petitioner's full name and "alien registration number" to Respondents' counsel.  (Doc. 3 at 2–4.)  Respondents do not oppose the Pseudonym Motion.  (*See* Doc. 6.)

The Court finds that Petitioner has demonstrated a sufficient need for anonymity and that the use of a pseudonym here will not prejudice Respondents or diminish the public's understanding of the issues or resolution of Petitioner's claim.  Therefore, the Pseudonym Motion (Doc. 3) is **GRANTED**.

**B.  Petition**

Petitioner argues that his ongoing detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 1–5, 44–50.)  Respondents concede that Petitioner, as a class member of the Bond Eligible Class certified in *Bautista v. Santacruz*,[2]

---

[2] *See Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. (Doc. 7 at 1.) Because the Parties agree that Petitioner is detained under § 1226, the Court **GRANTS** the Petition.

However, the Court finds that immediate release, rather than requiring another bond hearing, is the appropriate remedy. At the December 31, 2025 hearing, the immigration judge determined that, if she had jurisdiction, she would have ordered Petitioner released on a $2,000 bond along with several other conditions. (Doc. 1-2 at 18.) As the Court previously reasoned in nearly identical circumstances:

> Petitioner has been in immigration custody since [the bond hearing], which means that circumstances have not changed such that the immigration judge's finding should be called into question. Particularly given Respondents' "weighty" interest in the "efficient administration of the immigration laws," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [December 31], 2025 hearing. Nor would this remedy prejudice Respondents. First, they have not contested the immigration judge's findings or argued that Petitioner poses a flight risk or danger to the community. Second, should Respondents wish to make those arguments, they may do so by appealing the immigration judge's decision to the Board of Immigration Appeals. *See* 8 C.F.R. §§ 1003.19(f), 1003.38(a); *Bui v. Holder*, No. 1:15-cv-0-636-JLT, 2015 WL 3903764, at *3 (E.D. Cal. June 25, 2015) (noting that these "regulation[s] demonstrate[ ] a clearly-established administrative scheme designed to address custodial determinations, a practice that includes an appeals process").

*Ruiz v. Noem*, Case No.: 3:25-cv-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025). The Court incorporates its reasoning in *Ruiz* here and reaches the same conclusion.

## IV.   CONCLUSION[3]

For the foregoing reasons, the Petition (Doc. 1) and Pseudonym Motion (Doc. 3) are **GRANTED**. Accordingly:

---

[3] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to a $2,000 bond and the conditions of release set forth in the immigration judge's alternative findings. (*See* Doc. 1-2 at 18.)

2. The TRO Motion (Doc. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATE: January 29, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE